### THE KNICKERBOCKER.

(District Court, S. D. New York. May 8, 1905.)

TOWAGE—INJURY TO TOW BY COLLISION WITH LOG—LIABILITY OF TUG.

    A tug which was engaged with another in towing four scows up the Hudson river in the early morning *held* not in fault for the capsizing of one of the scows by striking some floating object, probably a partly submerged log, although the man on watch was not attending strictly to the duties of lookout; the lookout on the other tug, which was by her side, and only 30 feet away, having failed to see the object.

In Admiralty. Suit against tug for injury to tow.

Peter S. Carter, for libellant.

Amos Van Etten, for claimant.

ADAMS, District Judge. This action was brought by Agnes A. McGirr, the owner of the scow F. Smith, for damages received by that boat, while in tow on hawsers of about 75 fathoms, of the tugs

Knickerbocker and Williams, going up the Hudson River in the early morning of the 29th of October, 1904. The Knickerbocker was apparently in charge of the tow, which consisted of 4 boats, arranged in 2 tiers, the Smith being in the head tier on the starboard side. The Williams joined in the towing after Spuyten Duyvil was passed, putting out a hawser to the port side of the Smith. The Knickerbocker was towing on the starboard side and her hawser led to the starboard side of the Smith. The Williams was about 30 feet to the port of the Knickerbocker. The tide was flood. It was a clear moonlight night, with very little wind. When above Yonkers, the Smith, loaded with manure on deck, careened and turned upside down, dumping her load.

The libellant charges the Knickerbocker with negligence in proceeding at an excessive rate of speed and in not having a lookout. The claimant contended that the upsetting was due to the poor and leaky condition of the scow and because she was improperly loaded and top-heavy.

The testimony shows that the scow was in good condition and properly loaded and that the accident was the result of collision with some floating object, probably a log, which broke a hole in her forward end, whereby she filled and turned over. The tugs were going at a moderate rate of speed and the only question in the case is whether the Knickerbocker fulfilled her duty with respect to lookout. Her master was at the wheel and she had a deck hand on watch. He was not stationed forward attending strictly to a lookout's duty, but moved around the deck, forward and aft, and at the time of the accident was probably in the pilot house, talking to the master. The Williams had a lookout duly stationed on deck.

The first knowledge the tugs had of the accident was the Williams shooting forward, through being relieved of the towing strain. She then went back and finding the Smith capsized, took her out of the tow and delivered her at a wharf on the river between Yonkers and Hastings.

What troubled me on the trial and does now, is the question whether the Knickerbocker exercised such care with regard to lookout as her duty to the tow required. No one on either of the tugs saw any floating objects and those on board these vessels are usually quite solicitous about encountering any such that might prove injurious to the tug or tow, especially the former, as damage is liable to follow if they get in the propellers. The men on the boats in tow spoke of seeing several logs in their vicinity but apparently they did not pay very much attention to them or communicate with the tugs until after the happening of the accident. The log, if it was one that did the injury, was probably submerged to a great extent and escaped observation in that way. The Knickerbocker did not have a vigilant lookout, but the Williams did and he failed to see the log. In looking the case over, I fail to see any negligence on the part of the tug which should condemn her.

Libel dismissed.